[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11852
Non-Argument Calendar
_____

D.C. Docket No. 8:13-cr-00476-RAL-MAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARL BRUCE SMITH, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 5, 2015)

Before MARTIN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Carl B. Smith, Jr., appeals his conviction for possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1), after the district court denied his motion to suppress evidence found during a warrantless search of his car. Smith argues that the police did not have probable cause to search the car, so the gun found during the search should have been suppressed. After careful review, we affirm.

## I.

On the night of Smith's arrest, Officer Scott Durivou was on patrol alone in the vicinity of an apartment complex whose residents had complained of ongoing drug activity in the area. Around 11:00 p.m., Durivou saw Smith and another man on a picnic table outside the complex. From a distance of about one hundred feet, and over the course of about thirty minutes, Durivou observed Smith get up several times from the picnic table to access the interior cabin and the trunk of a car, which was about six to eight feet away.

Durivou approached the men and, on the way, observed them lighting something repeatedly in a way that led Durivou to believe that they were doing drugs, rather than, say, lighting a cigarette. As Durivou got closer, he could smell burnt marijuana, and he saw Smith quickly put down what looked like a hand-rolled "blunt." After confronting the two men, Durivou broke open the blunt, which contained marijuana, and then arrested Smith. A search incident to arrest

2

revealed that Smith had no contraband on his person, but Durivou did find keys to the car.

Durivou then requested, but was denied, permission from Smith to search the car, the front windows of which were about halfway down. According to Durivou, he proceeded to search the car, notwithstanding the lack of consent and without waiting for a drug dog, because he could smell the odor of fresh marijuana coming from inside the car. Once inside the car, he found that the marijuana odor was stronger in the back seat, which led him to open and search the trunk. In the trunk, Durivou observed in plain view a clear baggie containing about ten grams of marijuana, and a further search of the trunk revealed a firearm and loaded magazine hidden in a sweatshirt.

A federal grand jury indicted Smith on one count of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Smith filed a motion to suppress evidence obtained from the warrantless search of the car, arguing that the search of the car was not supported by probable cause.

At a suppression hearing before the district court, Durivou testified to the facts detailed above. Smith in turn contended that Durivou's testimony that he could smell, from outside of the car and through the halfway-open front windows, the odor of a small amount of marijuana in the trunk of the car was "just incredulous." Smith also challenged Durivou's testimony on the basis that the

police report he filed after the incident stated that he smelled burnt marijuana coming from inside the car, rather than fresh marijuana. At the suppression hearing, Durivou stated that he had made a mistake in the report and clarified that he had smelled fresh marijuana inside the car.

After hearing arguments from the parties, the district court orally denied the motion to suppress. In relevant part, the court concluded:

> With regard to Officer Durivou, it's true he made what could be considered a mistake in his report, calling it burnt as opposed to fresh, but the thrust of his testimony is that he smelled marijuana. All right. He's corrected that today. I don't find that he's in any way misrepresented or deceived this court in his testimony.
>
> There is nothing here that would support the premise that he was unable to smell marijuana when he was in the back seat of the car, so I don't find anything improbable or unbelievable about his testimony. And I reject any notion that he would get up here and perjure himself for a case like this. So I'll find that he had probable cause to go inside the vehicle. While in there, he also, having smelled the odor of marijuana in the back seat in the proximity of the trunk, he then had probable cause to go in the trunk and seize the marijuana as well as the firearm.

Following the denial of his motion to suppress, Smith was found guilty at a bench trial based on stipulated facts. He was sentenced to 27 months of imprisonment. This appeal followed.

## II.

When reviewing a district court's denial of a motion to suppress, we review findings of fact for clear error and the court's application of law to those facts *de novo*. *United States v. Ransfer*, 749 F.3d 914, 921 (11th Cir.), *cert. denied*, 135 S. Ct. 392 (2014). The facts are construed in the light most favorable to the party prevailing in the district court—here, the government. *Id.* We must defer to the district court's credibility determinations unless the testimony is "contrary to the laws of nature, or is so inconsistent or improbable on its face that no reasonable factfinder could accept it." *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002) (quotation marks omitted).

## III.

A warrantless search of an automobile is constitutional if (1) the automobile is readily mobile and (2) there is probable cause to believe that it contains contraband or evidence of a crime. *United States v. Lanzon*, 639 F.3d 1293, 1299-1300 (11th Cir. 2011). The first prong is satisfied if the car is operational, which is not contested here. *United States v. Watts*, 329 F.3d 1282, 1286 (11th Cir. 2003). Regarding the second prong, probable cause exists when, under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in the vehicle. *Lanzon*, 639 F.3d at 1300. Probable cause may arise when an officer, through training or experience, detects the smell of marijuana.

5

*United States v. Tobin*, 923 F.2d 1506, 1512 (1991) (*en banc*); *United States v. Lueck*, 678 F.2d 895, 903 (11th Cir. 1982).

The only issue on appeal in this case is whether the warrantless search of the car was supported by probable cause.  Probable cause in turn depends on whether Durivou's testimony that he smelled marijuana coming from the car is creditable.  At the suppression hearing, Durivou testified that, based on his training and experience, he recognized the smell of fresh marijuana coming from inside the car.  That training and experience included working on hundreds of cases involving marijuana, receiving training in detecting marijuana, and personally smoking marijuana in the twelfth grade.  Recognizing that there "may be some troubling aspects" about Durivou's testimony, the district court, nevertheless, credited Durivou's testimony that he could smell the odor of marijuana coming from inside the car, and we must defer to the court's credibility determination unless no reasonable factfinder could accept the testimony.  *Ramirez-Chilel*, 289 F.3d at 749.

Even if we thought that it would have been unlikely for the odor of marijuana in the trunk to be detectable from outside the car, which we need not decide, it is entirely possible that the marijuana was located in the passenger cabin immediately before Durivou approached Smith, leaving a lingering odor.  Indeed, Durivou observed Smith accessing both the interior of the car and the trunk several times before Smith was caught with the hand-rolled blunt.  So Smith could have

moved the marijuana from the interior of the car to the trunk before smoking the blunt on the picnic table. Consequently, nothing about Durivou's testimony that he smelled the odor of fresh marijuana coming from the interior of the car strikes us as contrary to the laws of nature, inconsistent, or improbable on its face.

Because Durivou detected marijuana in the vehicle, and because the district court credited Durivou's testimony and we do not find his testimony in this respect to be contrary to the laws of nature or otherwise so improbable that no reasonable factfinder could accept it, he had probable cause to conduct a warrantless search of the car. *See Lanzon*, 639 F.3d at 1300; *Tobin*, 923 F.2d at 1512; *Lueck*, 678 F.2d at 903. The permissible scope of the search included the trunk, particularly in light of Durivou's testimony that the smell of marijuana was stronger in the back seat. As the Supreme Court has explained, "If there is probable cause to believe a vehicle contains evidence of criminal activity, [the Court's case law] authorizes a search of any area of the vehicle in which the evidence might be found." *Arizona v. Gant*, 556 U.S. 332, 347, 129 S. Ct. 1710, 1721 (2009) (citation omitted). Here, that included the trunk. Accordingly, based on its credibility determination, the district court did not err in denying Smith's motion to suppress.

Smith's conviction is, therefore, **AFFIRMED.**